IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WATERS, SALLY WATERS, NICKOLAS KRAMER, JASON CADEK, CRYSTAL VON KAMPEN, CARLA MORRIS-VON KAMPEN, GREGORY TUBACH, WILLIAM ROBY, JESSICA KALLSTROM-SCHRECKENGOST, KATHLEEN KALLSTROM-SCHRECKENGOST, MARJORIE PLUMB, TRACY WEITZ, RANDALL CLARK, THOMAS MADDOX,<br><br>                    Plaintiffs,<br><br>    v.<br><br>DAVE HEINEMAN, in his official capacity as Governor of Nebraska; JON BRUNING, in his official capacity as Attorney General of Nebraska; KIM CONROY, in her official capacity as Tax Commissioner of the Nebraska Department of Revenue; KERRY WINTERER, DAN NOLTE,<br><br>                    Defendants. | **8:14CV356**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on a motion to intervene filed by Harold Wilson and Gracy Sedlak, Filing No. 24, plaintiffs' objection to the motion, Filing No. 29, and proposed intervenors' opposition to the objection, Filing No. 34.  Wilson and Sedlak assert they have an interest in the action in that they are a same-sex couple and have requested and been denied an application for a marriage license by the Lancaster County, Nebraska, Clerk's Office.

      Plaintiffs oppose the motion.  The plaintiffs assert that the proposed intervenors have not established they are entitled to intervention of right under Fed. R. Civ. P. 24(a), nor have they offered any basis for permissive intervention under Fed. R. Civ. P. 24(b)(3).

Under Fed. R. Civ. P. 24(a)(2), as a matter of right, a court must permit anyone to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 836 (8th Cir. 2009). Under Fed. R. Civ. P. 24(b), the court "may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). However, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

This court's records show that Harold B. Wilson and Gracy S. Sedlak filed an earlier pro se action challenging Section 29 of the Nebraska Constitution in this court. *See Harold B. Wilson and Gracy Sedlak v. Bruning*, Case No. 8:13-cv-130, Filing No. 1, Complaint (D. Neb. April 22, 2013).[1] On initial review, the court found Wilson's and Sedlak's equal protection claim was "foreclosed by the Eighth Circuit Court of Appeals' opinion in *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006)," but granted Wilson and Sedlak forty-five days in which to file an amended complaint "to clearly state a claim upon which relief may be granted against Defendants in

---

[1] On June 26, 2013, the United States Supreme Court found that the Defense of Marriage Act's definition of marriage was unconstitutional as a deprivation of the liberty of the person protected by the Fifth Amendment. See *United States v. Windsor*, 133 S. Ct. 2675, 2693 (2013). In their amended complaint, supplemental brief in support of their amended complaint, and in subsequent pleadings, Wilson and Sedlak made express reference to the *Windsor* decision. *Wilson and Sedlak v. Bruning*, Case No. 8:13-cv-130, Filing Nos. 21, Amended complaint; Filing No. 23, supplemental brief, Filing No. 24, motion for summary Judgment.

accordance with this Memorandum and Order." *Id.*, Filing No. 20, Memorandum and Order at 4, 7 (D. Neb. Nov. 7, 2013) (noting the plaintiffs alluded to a freedom of association claim). With respect to the amended complaint filed by Wilson and Sedlak on December 10, 2013, the court again found that "[p]laintiffs' arguments that they are being denied the right to marry are foreclosed by the Eighth Circuit Court of Appeals' opinion in *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006)." *Id.*, Filing No. 25, Memorandum and Order at 2 (D. Neb. Apr. 17, 2014). Sedlak filed a notice of appeal of the district court's dismissal of "a portion of the above case regarding her claim that Nebraska's Same Sex Marriage ban" was unconstitutional and discriminatory. *Id.,* Filing No. 32, Notice of Appeal at 1. The court denied leave to proceed in forma pauperis on appeal and directed the clerk's office not to process the appeal. Filing No. 34, Memorandum and Order at 2. The court found Sedlak's notice of appeal was untimely and therefore certified that the appeal was not taken in good faith. *Id.* Sedlak's purported appeal of that order was later dismissed by the Eighth Circuit Court of Appeals for failure to prosecute. *See id.*, Filing No. 37, Order (July 17, 2014); Filing No. 38, Mandate (July 17, 2014).[2]

It thus appears that any claim Wilson and Sedlak seek to join with the plaintiffs' claims herein would be barred by res judicata. "Under res judicata a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

---

[2] The court later dismissed Wilson's and Sedlak's remaining claim for violation of their First Amendment right to freedom of association. *Id.,* Filing No. 39, Memorandum and Order (D. Neb. Nov. 3, 2014). Wilson and Sedlak filed an appeal of the November 3, 2014, Memorandum and Order on December 15, 2014. *Id.*, Filing No. 41.

were or could have been raised in that action." *Yankton Sioux Tribe v. United States Dep't of Health and Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). Res judicata bars a claim if: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998). It is well-established that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits. *Clark v. Callahan*, No. 13-1563, 2014 WL 7238319, *2 (8th Cir. Dec. 22, 2014); *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).[3] Accordingly, the court finds the motion to intervene should be denied.

Even if it were not barred by res judicata, the court would find intervention by Wilson and Sedlak is not appropriate in this case. The proposed intervenors have not satisfied the requirements for mandatory intervention. They have not shown that their interests are not adequately protected by the existing parties to the litigation. Further, the court finds that permissive intervention is not warranted because it would cause undue prejudice and delay to plaintiffs and defendants herein. The court agrees that the addition of other parties would complicate the case and make a rapid resolution of the issue more difficult, especially since the proposed intervenors are proceeding pro se. Permissive intervention would not promote efficiency in this proceeding, which is

---

[3] The earlier action does not preclude this court's consideration of the issue since a district court is not bound by other decisions of district courts. *See Center for Family Med. v. United States*, 614 F.3d 937, 942 (8th Cir. 2010) ("One district court is not bound by the decision or reasoning of another district court involving other parties with the same issue.").

4

presently set for an evidentiary preliminary injunction hearing on January 29, 2015. Proposed intervenors will not be prejudiced because the plaintiffs herein seek the same objective as Wilson and Sedlak—invalidation of Nebraska's Constitutional same-sex marriage ban. Accordingly,

IT IS ORDERED:

1. Harold Wilson's and Gracy Sedlak's motion to intervene (Filing No. 24) is denied.

2. The plaintiffs' objection to the intervention motion (Filing No. 29) is sustained.

3. Harold Wilson's and Gracy Sedlak's opposition to the plaintiffs' objection (Filing No. 34) is overruled.

DATED this 7th day of January, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge