## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SUSAN WATERS and SALLY WATERS, et al.,** | **Case No. 8:14-CV-356** |
| **Plaintiffs,** | |
| **v.** | |
| **PETE RICKETTS in his official capacity as Governor of Nebraska, DOUG PETERSON in his official capacity as Attorney General of Nebraska, LEONARD J. SLOUP in his official capacity as Acting Tax Commissioner of the Nebraska Department of Revenue, JOSEPH ACIERNO in his official capacity as Acting CEO of the Nebraska Department of Health and Human Services, and DAN NOLTE in his official capacity as the Lancaster County Clerk,** | **STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS** |
| **Defendants.** | |

## INTRODUCTION

COME NOW State Defendants and submit this reply brief in support of their motion to stay proceedings. Plaintiffs' opposition (Filing 46) fails to overcome the compelling rationale for a stay – namely that the United States Supreme Court will likely decide or greatly clarify the very issues contested in this litigation in a matter of mere months – and mischaracterizes the status of similar litigation in other

courts. For these reasons and for those already submitted by State Defendants, this Court should stay further proceedings in anticipation of the answers the Supreme Court is likely to provide in its *Obergefell* decision.

## ARGUMENT

Plaintiffs misleadingly cite to the Eighth Circuit proceedings in the *Lawson* case, inferring that the Court of Appeals has given a proverbial "green light" to full-scale same-sex marriage litigation even with the pendency of similar issues at the Supreme Court. *See* Filing 46 at 3-4. In addressing a motion to stay the appeal, however, the Court of Appeals was addressing a case in which the summary judgment order that gave rise to the appeal *is already stayed*. *Lawson v. Kelly*, No. 14-0622-CV-W-ODS, 2014 WL 5810215, 2014 U.S. Dist. LEXIS 157802 (W.D. Mo. Nov. 7, 2014).

In fact, as Plaintiffs acknowledge at footnote 3 of their opposition brief, in the very order they cite for the utterly speculative proposition that the Eighth Circuit, "does not consider the pendency of marriage cases at the Supreme Court to be a basis to stay proceedings in other marriage cases," the Court of Appeals *denied* the Missouri plaintiffs' motion to vacate the district court's stay. Order in *Lawson v. Kelly*, No. 14-3779 (8th Cir. Jan. 22, 2015). The *Lawson* case, if it stands for any principle at this point, represents the courts' reasoned and

considered preservation of the status quo in Missouri pending full appellate review. This is in distinct contrast to Plaintiffs' aims in this litigation.

Plaintiffs' reliance on other cases in opposition to a stay, particularly the *Brenner* case in Florida, is similarly misplaced. The relevant point from the *Brenner* litigation – a point de-emphasized if not ignored by Plaintiffs here – was that the *Brenner* district court stayed its action *in the first place* pending appellate review. *Brenner v. Scott*, 999 F. Supp. 2d 1278, 1292 (N.D. Fla. Aug. 21. 2014) (granting a preliminary injunction of Florida's marriage law but simultaneously staying the order with an expiration contingent on the expiration of stays in similar marriage cases and/or action from the Eleventh Circuit or Supreme Court).[1]

It is not disputed that the *Brenner* stay has since expired, but its permitted expiration came *after* appellate action in the context of the Supreme Court having *denied* certiorari in a number of same-sex marriage challenges in early October. Indeed, it is this key chronological and contextual distinction that makes *Brenner* and the remainder of the stay denial orders Plaintiffs cite inapplicable to the instant motion. Those events occurred *after* the Supreme Court's initial denial of certiorari in other marriage challenges but *before* the Court's grant of certiorari in the Sixth

---

[1] Part of the *Brenner* district court's reasoning for a stay is particularly pertinent: "[A]t the stay-pending-appeal stage, an additional public interest comes into play. There is a substantial public interest in implementing this decision just once—in not having, as some states have had, a decision that is on-again, off- again." 999 F. Supp. 2d at 1292. This careful approach to managing litigation involving questions of such significant public import, especially in conjunction with the Supreme Court's likely imminent decision on the fundamental legal questions at issue, should be applied here.

Circuit *Obergefell* cases just this month. The latter development, to put it simply, changed the legal landscape and context entirely.

Previously, it was an abstract and thoroughly unclear question of whether and when courts and litigants would gain final clarification from the Supreme Court on the Fourteenth Amendment issues presented in marriage cases like this one. This was particularly so in the wake of the Court's certiorari denials in early October. With certainty that these issues *will* be heard by the Supreme Court *this term*, the calculus changes significantly as to whether the Court should briefly stay its hand in anticipation of clarity – or, in all likelihood, outright answers – from the Supreme Court. Since such guidance is bound to come within a matter of mere months, a stay of proceedings in this case is warranted.

## CONCLUSION

For the foregoing reasons and for those already submitted, State Defendants respectfully request the Court grant their Motion to Stay Proceedings.

Submitted January 25, 2015.

> **PETE RICKETTS, DOUG PETERSON,**
> **LEONARD J. SLOUP, and JOSEPH ACIERNO,**
> **State Defendants.**
>
> By:   DOUG PETERSON, NE #18146
> *Attorney General of Nebraska*
>
> By:   *s/ David A. Lopez*
> David A. Lopez, NE #24947
> *Assistant Attorney General*

James D. Smith, NE #15476
*Solicitor General*

David T. Bydalek, NE #19675
*Chief Deputy Attorney General*

Ryan S. Post, NE #24714
Danielle L. Jones, NE #25505
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
James.Smith@nebraska.gov
Dave.Bydalek@nebraska.gov
Dave.Lopez@nebraska.gov
Ryan.Post@nebraska.gov
Danielle.Jones@nebraska.gov

Attorneys for State Defendants.

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2015, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record.

By:   *s/ David A. Lopez*