IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN WATERS and SALLY WATERS, et al. | ) ) ) | CASE NO. 8:14-CV-356 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **SUPPLEMENT TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT** |
| PETE RICKETTS, et al. | ) ) ) | |
| Defendants. | ) | |

Since the briefing was completed on the cross-motions for summary judgment, it has come to Plaintiffs' attention that the Department of Health and Human Services (DHHS), whose CEO is a Defendant in this case, is refusing to provide married same-sex couples birth certificates for their children on the same terms and conditions as married different-sex couples. Specifically, when a child is born to a married different-sex couple, both spouses are listed as parents on the birth certificate regardless of whether the husband is the biological father of the child. Neb. Rev. Stat. § 71-640.01. In contrast, when a child is born to a married same-sex couple, DHHS will only list the spouse who gave birth; it will not include the other spouse. This is what representatives of DHHS's Office of Vital Records have told at least two married same-sex couples who have had children since *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). Declarations of Brooke Wagner, Nicole Wagner, Jennifer McGowan, Bobbie McGowan and Stefanie Flodman (attached as Exs. A through E). Plaintiffs supplement their motion for summary judgment to apprise the Court of this unequal treatment that clearly violates the Supreme Court's mandate that states make marriage available to same-sex couples "on the same terms and conditions as opposite-sex couples." *Obergefell*, 135 S.Ct. at 2605. This unequal

1

treatment further demonstrates Plaintiffs' continued need for both declaratory and injunctive relief, and that Plaintiffs' claims are not moot. And Plaintiffs request that the Court issue an injunction that specifically makes clear that the State must provide birth certificates for children born to married same-sex couples listing both spouses as parents just as it does for children born to married different-sex couples. One Plaintiff couple -- Jessica and Kathleen Kallstrom-Schreckengost -- is in the process of trying to have another child. Declaration of Jessica Kallstrom-Schreckengost dated November 30, 2014, par. 6; Declaration of Jessica Kallstrom-Schreckengost dated September 22, 2015 (attached as Exhibits F and G). Only such an injunction from this Court can ensure that a child born to the marriage will be able to have both parents listed on his or her birth certificate.

<u>Obergefell</u> requires the State to issue birth certificates to married same-sex couples listing both spouses as parents as it does for married different-sex couples.

The Supreme Court's decision in *Obergefell* made clear not only that states must permit same-sex couples to marry, but also that they must afford them every benefit provided to married couples on equal terms with different-sex married couples. *Obergefell*, 135 S.Ct. at 2605 (state bans on marriage for same-sex couples "are now held invalid to the extent they exclude same-sex couples from civil marriage **on the same terms and conditions as opposite-sex couples.**") (emphasis added). The Court declined to "stay its hand to allow slower, case-by-case determination of the required availability of specific public benefits to same-sex couples" because to do so "would deny gays and lesbians many rights and responsibilities intertwined with marriage." *Id.* at 2606. The Court specifically identified birth certificates as one of the marital protections afforded by states that must be provided equally to married same-sex couples. *Id.*, at 2601.

Nebraska law provides that if a mother was married at the time of conception or birth, "the name of the husband shall be entered on the [birth] certificate as the father of the child" absent a court order or affidavit from the mother to the contrary. Neb. Rev. Stat. § 71-640.01. This is not limited to husbands who are biologically related to children born to their wives. By providing this protection only to children born to different-sex married couples, the State is denying married same-sex couples and their children a "right [. . .]intertwined with marriage." *Obergefell*, 135 S.Ct. at 2606.

Numerous states across the country are complying with *Obergefell's* mandate and issuing birth certificates to children born to married same-sex parents that list both spouses as parents.[1] And where they haven't, courts have ordered them to do so. *See* Order at 2, *De Leon v. Abbott*, No. SA-13-CA-00982-OLG (W.D. Tex. Aug. 11, 2015), ECF No. 113 ("[T]he Court ORDERS Defendants to submit an advisory to the Court, no later than Monday August 24, 2015: (1) notifying the Court they have created, issued, and implemented policy guidelines recognizing same-sex marriage in death and birth certificates issued in the State of Texas, and (2) assuring the Court that the Department of State Health Services has granted all pending applications for death and birth certificates involving same-sex couples, assuming the applications are otherwise complete and qualify for approval."); *Roe v. Patton*, No. 2:15–cv–00253–DB, 2015 WL

---

[1] *See, e.g.*, Beth Walton, *New birth certificate rules recognize lesbian mothers*, Citizen-Times, May 15, 2015, available at http://www.citizen-times.com/story/news/local/2015/05/15/new-birth-certificate-rules-recognize-lesbian-mothersnew-birth-certificate-guidelines-welcome-news-lesbian-parents/27400819/ (reporting that North Carolina Vital Records sent guidelines to hospitals for the registration of births of children whose mothers are married to female spouses and they will issue a parent/parent birth certificate rather than a mother/father birth certificate); AJ Trager, *State Now Recognizing Married Same-sex Parents on Birth Certificates*, PrideSource, July 23, 2015, available at http://www.pridesource.com/article.html?article=72408 (reporting that Michigan Department of Health and Human Services will allow the spouse of a biological parent to be placed on a child's birth certificate for female married couples)

4476734, at *1 (D. Utah July 22, 2015) (granting preliminary injunction requiring issuance of birth certificates to same-sex spouses on same terms and conditions as opposite-sex spouses).

Plaintiffs need an injunction to ensure equal access to all of the benefits of marriage, including birth certificates.

Defendants have argued that Plaintiffs' claims are moot, citing evidence showing that they are currently providing some of the benefits that are afforded to married couples to same-sex couples and statements from the Governor and Attorney General that the State will comply with *Obergefell*. As the Eighth Circuit recognized in its order affirming this Court's preliminary injunction, that argument fails to meet Defendants' high burden even if the current administration were fully in compliance with the *Obergefell* ruling. But the Department's refusal to provide birth certificates to married same-sex couples on the same terms and conditions as different-sex married couples demonstrates that the State is *not* in full compliance. This is an additional reason that both declaratory and injunctive relief from this Court is needed to ensure that the unconstitutional conduct will cease. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (Defendants have burden of demonstrating that Plaintiffs "no longer ha[ve] any need of the judicial protection that i[s] sought.") Plaintiffs need that relief to explicitly address birth certificates. Only an injunction requiring the State to issue birth certificates for children born to same-sex couples that list both spouses, as it does for children born to different-sex spouses, will ensure that any child born to a married same-sex couple, including Plaintiffs Jessica and Kathleen Kallstrom-Schreckengost, will able to have both parents listed on his or her birth certificate.

Wherefore Plaintiffs respectfully request that their motion for summary judgment be granted, and that this Court issue a permanent injunction that makes clear that DHHS must issue birth certificates to married same-sex couples on the same terms and conditions as married different-sex couples. Specifically, Plaintiffs request that the Court issue an injunction providing:

IT IS ORDERED that all relevant state officials are ordered to treat same-sex couples the same as different-sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage. This includes but is not limited to all rights, protections, obligations and benefits of marriages associated with parentage and birth certificates.

IT IS FURTHER ORDERED that when a child is born in Nebraska to someone who is married to a same-sex spouse, DHHS allow the names of both spouses to be listed as parents on the birth certificate.

Respectfully submitted,

s/SUSAN KOENIG, #16540
s/ANGELA DUNNE, #21938
Koenig│Dunne Divorce Law, PC, LLO
1266 South 13th Street.
Omaha, Nebraska 68108-3502
(402) 346-1132
susan@nebraskadivorce.com
angela@nebraskadivorce.com

Amy A. Miller, #21050
ACLU of Nebraska Foundation
941 O Street #706
Lincoln NE 68508
402-476-8091
amiller@aclunebraska.org

5

Leslie Cooper
Joshua Block
ACLU Foundation
125 Broad St., 18th Floor
New York, New York 10004
(212) 549-2627
lcooper@aclu.org
jblock@aclu.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record.

    /s/Susan Koenig