IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WATERS, SALLY WATERS, NICKOLAS KRAMER, JASON CADEK, CRYSTAL VON KAMPEN, CARLA MORRIS-VON KAMPEN, GREGORY TUBACH, WILLIAM ROBY, JESSICA KALLSTROM-SCHRECKENGOST, KATHLEEN KALLSTROM-SCHRECKENGOST, MARJORIE PLUMB, TRACY WEITZ, RANDALL CLARK, AND THOMAS MADDOX,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PETE RICKETTS, in his official capacity as Governor of Nebraska; DOUG PETERSON, in his official capacity as Attorney General of Nebraska; LEONARD J. SLOUP, in his official capacity as Acting Tax Commissioner of the Nebraska Department of Revenue; DAN NOLTE, in his official capacity as the Lancaster County Clerk; and COURTNEY PHILLIPS, in her official capacity as CEO of the Nebraska Department of Health and Human Services;<br><br>      Defendants. | 8:14CV356<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiffs' motion for leave to supplement the record, Filing No. 87, on their motion for summary judgment, Filing No. 68.[1]  This is an action for violation of civil rights brought pursuant to 42 U.S.C. § 1983.  The plaintiffs seek declaratory and injunctive relief for violation of rights protected by the Fourteenth Amendment by virtue of Nebraska's exclusion of same-sex couples from marrying and its

---

[1] Also pending is the defendants' motion to strike, Filing No. 85.  Without seeking leave of court, the plaintiffs originally filed the supplemental motion and materials at Filing No. 83.  Defendants moved to strike that evidence, Filing No. 85.  In response to that motion, plaintiffs moved for leave, attaching the evidence.  Filing No. 87.  Defendants oppose the motion for leave, raising the same arguments as they raised in their motion to strike.  See Filing Nos. 86 and 89, Briefs.  The court finds the plaintiffs' motion for leave renders the plaintiffs' original supplemental motion and the defendants' motion to strike moot.

prohibition against recognizing the marriages of same-sex couples validly entered into in other jurisdictions under Neb. Const. art. I, § 29 (hereinafter, "Section 29" or "the Amendment"). In their amended complaint, the plaintiffs allege they suffered numerous harms as a result of the defendants' proscription of same-sex marriage. *See* Filing No. 9, Amended Complaint.

Cross-motions for summary judgment are presently pending. Filing Nos. 68 and 72. The plaintiffs seek to supplement the evidence submitted in connection with their motion for summary judgment with evidence connected to the state officials' practices in connection with birth certificates issued to same-sex couples.

This court's earlier ruling on the plaintiffs' motion for a preliminary injunction, Filing Nos. 55 and 56, was affirmed by the Eighth Circuit Court of Appeals ("Eighth Circuit") on an interlocutory appeal and the action was remanded "for entry of final judgment on the merits in favor of the plaintiffs" and for proceedings consistent with the Eighth Circuit's opinion. Filing No. 78, Eight Circuit Opinion; *see* Filing No. 79, Judgment; Filing No. 80, Amended Judgment. The Eighth Circuit found the challenged provision unconstitutional on light of the Supreme Court's decision *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), *abrogating Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). Filing No. 78, Eighth Circuit Opinion at 3. The court also denied the state's motion to vacate the preliminary injunction and rejected its suggestion of mootness. *Id.* at 3-4. The Appeals Court noted that the decision in *Obergefell* had not invalidated laws in Nebraska, nor had it considered the state benefits incident to marriage that had been addressed in this court. *Id.* Further, it found Nebraska's assurances of compliance with *Obergefell* did not moot the case, but noted the State' assurances could "impact the necessity of continued injunctive relief." *Id.* at 5. It directed this court to "consider Nebraska's assurances and actions and the scope of

2

any injunction, based on *Obergefell* and Federal Rule of Civil Procedure 65(d)."[2]  *Id.*  The Eighth Circuit's mandate was issued on September 24, 2015.  Filing No. 84.

Defendants argue that the proposed supplemental evidence and brief touch on an issue absent from the plaintiff's pleadings.  Further, they raise substantive arguments as to the import of the supplementary materials and assert evidentiary objections.

The court finds the defendants' arguments lack merit.  The court finds the plaintiffs' complaint broadly alleges denial of rights, responsibilities, and incidents of marriage and can be construed as encompassing the birth-certificate issue presented in the supplementary materials.  Moreover, if the issue had not been presented, the plaintiffs would be granted leave to amend their complaint to include it.  Subsequent to the plaintiffs filing of their motion for summary judgment, defendants sought and were granted leave to amend their answer to add allegations of mootness.  *See* Filing No. 70, Motion; 70-1, Proposed Amended Answer; 75, text order; 76, Amended Answer.  The proposed supplemental materials address that contention of mootness and are relevant to issues in the case.

The defendants have not shown they will suffer any prejudice as a result of the filing of the supplementary materials.  They will be afforded an opportunity to respond to the plaintiffs' submissions.  Further, the defendants' substantive arguments and evidentiary objections can be addressed in connection with the cross-motions for summary judgment. The court finds the plaintiffs' motion for leave to file supplementary materials should be granted and the defendants should be afforded an opportunity to respond thereto. Accordingly,

---

[2] Rule 65(d) sets out the content and scope of every injunction and restraining order.  Fed. R. Civ. P. 65(d).

IT IS ORDERED that:

1. The plaintiffs' supplemental motion (Filing No. 83) and the defendants' motion to strike (Filing No. 85) are denied as moot.

2. The plaintiffs' motion for leave to supplement the record (Filing No. 87) is granted.

3. The supplemental materials (Filing No. 87, Attachments 1-8) are deemed filed instanter.

4. The defendants shall file any responsive materials or briefs within 14 days of the date of this order and the plaintiffs shall have one week thereafter in which to respond, at which time the cross-motions for summary judgment will be considered submitted.

Dated this 20th day of October, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge