IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WATERS and SALLY WATERS, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PETE RICKETTS, et al. | ) ) |
| Defendants. | ) ) ) |

CASE NO. 8:14-CV-356

**PLAINTIFFS' REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit this reply to Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Summary Judgment.

Defendants maintain their argument that there is no need for an injunction because they say they are in compliance with the Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). Yet they do not contest that they are currently denying equal treatment to married same-sex couples with respect to birth certificates issued for children born to them. They have offered no evidence refuting Plaintiffs' evidence showing that married same-sex couples are being denied birth certificates for their children listing both spouses as parents.

Instead, Defendants argue that there is no need for an injunction to remedy the birth certificate issue because the state has "initiated the regulatory amendment process to provide that a child born in Nebraska to a mother or father then married

1

to a person of the same sex will have both the biological parent and the biological parent's same-sex spouse listed on the child's certificate of live birth." Defendants' Supplemental Brief, at 8.  The fact that the State has "initiated" a process that *might* end this unconstitutional conduct at some unspecified future time, or might not,[1] does not cure the constitutional violation or remove the need for injunctive relief.  It's possible that the process will work as the Defendants hope and eventually result in the State providing birth certificates to married same-sex couples on equal terms as it provides them to married different-sex couples, but it cannot be assumed that a constitutional regulation—or any regulation—will be passed.  And while the regulatory amendment process proceeds and we wait to find out, babies will continue to be born and their parents will continue to be denied birth certificates for their children naming both spouses as parents.

*Obergefell* is the law of the land and it requires states to provide married same-sex couples *all* of the protections and benefits afforded to its married different-sex couples, including birth certificates.  135 S. Ct. at 2605-06.  Contrary to Defendants' suggestion, compliance with a constitutional ruling of the Supreme

---

[1] The process for amending regulations under the Administrative Procedure Act involves numerous steps, including a public hearing that requires at least 30 days notice unless waived by the Governor for good cause; which then triggers review by a committee in the state legislature; and an opportunity for any member of the Legislature to file a complaint regarding the proposed regulation, to which the agency must respond.  *See* Neb. Rev. Stat. §§ 84-907, 84-907.04, 84-907.07, 84-907.10. Moreover, a regulation may not be amended without the approval of both the Attorney General and the Governor.  Neb. Rev. Stat. §§ 84-905.01, 84-908.

Court does not constitute a "bureaucratic whim." Defendants' Supplemental Brief, at 8.

Moreover, Defendants' position regarding birth certificates gives reason to be concerned that other protections and benefits of marriage provided by Nebraska state agencies may similarly be withheld from same-sex couples. Defendants' argument rests on a state law requirement that agency regulations must be promulgated in accordance with procedures set out in the Nebraska Administrative Code. Defendants' Supplemental Brief, at 8. The birth certificate regulations are not the only state agency regulations in Nebraska written in a way that limits protections of marriage to different-sex married couples. *See, e.g.,* Neb. Rev. Stat. § 37-455 (requiring the Game and Parks Commission to "adopt and promulgate rules and regulations proscribing procedures and forms" to determine whether an applicant for a hunting permit is a member of the immediate family—defined as "a husband and wife and their children or siblings"— of a qualifying landowner or leaseholder); 175 Neb. Admin. Code § 17-008 (subpart I, § 483.420(a)(13)) (permitting a "husband and wife" who both reside in an "Intermediate Care Facilit[y] for the Mentally Retarded" to share a room); 294 Neb. Admin. Code § 12.005.01 (exempting a partnership of "husband and wife" from registration with the Racing Commission); 316 Neb. Admin. Code § 52-003.02E (exempting deeds "between husband and wife" from documentary stamp tax). If the Court were to

3

accept Defendants' position that an agency can (or must) continue to limit a protection of marriage to different-sex married couples unless and until the agency successfully completes the regulatory amendment process, countless protections and benefits of marriage could be denied to Nebraska families indefinitely.

 Plaintiffs therefore request that this Court's final judgment include an injunction that ensures compliance with the Supreme Court's mandate that states provide married same-sex couples all of the protections and benefits afforded to married different-sex couples, including the right to have both spouses listed on their children's birth certificates.[2]

        Respectfully submitted,

        s/SUSAN KOENIG, #16540
        s/ANGELA DUNNE, #21938
        Koenig│Dunne Divorce Law, PC, LLO
        1266 South 13th Street.
        Omaha, Nebraska 68108-3502
        (402) 346-1132
        susan@nebraskadivorce.com
        angela@nebraskadivorce.com

---

[2] Despite the fact that this Court has already granted Plaintiffs' motion for leave to supplement the record and ordered the supplemental materials deemed filed, Defendants ask this Court to take the extreme measure of denying injunctive relief to remedy unconstitutional conduct because the supplemental evidence regarding birth certificates is not listed on Plaintiffs' statement of material facts. There is no rule that requires the Court to put this formality above the need to remedy a constitutional violation.

Amy A. Miller, #21050
ACLU of Nebraska Foundation
941 O Street #706
Lincoln NE 68508
402-476-8091
amiller@aclunebraska.org

Leslie Cooper
Joshua Block
ACLU Foundation
125 Broad St., 18th Floor
New York, New York 10004
(212) 549-2627
lcooper@aclu.org
jblock@aclu.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, causing notice of such filing to be served on Defendants' counsel of record.

/s/ Amy A. Miller