IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WATERS, SALLY WATERS, NICKOLAS KRAMER, JASON CADEK, CRYSTAL VON KAMPEN, CARLA MORRIS-VON KAMPEN, GREGORY TUBACH, WILLIAM ROBY, JESSICA KALLSTROM-SCHRECKENGOST, KATHLEEN KALLSTROM-SCHRECKENGOST, MARJORIE PLUMB, TRACY WEITZ, RANDALL CLARK, AND THOMAS MADDOX,<br><br>                Plaintiffs,<br><br>vs.<br><br>PETE RICKETTS, in his official capacity as Governor of Nebraska; DOUG PETERSON, in his official capacity as Attorney General of Nebraska; LEONARD J. SLOUP, in his official capacity as Acting Tax Commissioner of the Nebraska Department of Revenue; DAN NOLTE, AND in his official capacity as the Lancaster County Clerk; and COURTNEY PHILLIPS, in her official capacity as CEO of the Nebraska Department of Health and Human Services;<br><br>                Defendants. | 8:14CV356<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' motion for summary judgment, Filing No. 68, on the defendants' motion for summary judgment, Filing No. 72, and on the plaintiffs' motion for leave to file supplement to motion for summary judgment, Filing No. 87. This is an action for violation of civil rights brought pursuant to 42 U.S.C. § 1983. The plaintiffs seek permanent declaratory and injunctive relief for violation of rights protected by the Fourteenth Amendment by virtue of Nebraska's exclusion of same-sex couples from marrying and its prohibition against recognizing the marriages of same-sex couples validly entered into in other jurisdictions under Neb. Const. art. I, §

29 (hereinafter, "Section 29" or "the Amendment"). Plaintiffs ask this Court to grant their summary judgment motion and permanently enjoin enforcement of Nebraska's exclusion of same-sex couples from marrying and its refusal to recognize the marriages of same-sex couples. Defendants ask the Court to grant their summary judgment motion and to not issue a permanent preliminary injunction and to refuse to declare Section 29 unconstitutional. The defendants make this request based on their argument that the issue is moot and this Court has no jurisdiction.

**BACKGROUND**

Plaintiffs initially filed this action requesting a preliminary injunction in this case. The Court granted that motion. [Filing No. 54](Filing No. 54) and [Filing No. 55](Filing No. 55). The Court concluded that all of the preliminary injunction factors set forth in the *Dataphase* case – including likelihood of success on the merits – supported granting the requested relief. *[Dataphase Sys., Inc. v. C L Sys., Inc.](Dataphase Sys., Inc. v. C L Sys., Inc.)*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The preliminary injunction ordered by the Court provided that "all relevant state officials are ordered to treat same-sex couples the same as different-sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage." [Filing No. 55](Filing No. 55), Injunction, at 1.

Thereafter, defendants appealed the Court's order and filed an Emergency Motion for Stay Pending Appeal with the Eighth Circuit Court of Appeals. The Eighth Circuit then issued an order granting defendant's motion to stay. The Eighth Circuit decided to defer any oral arguments or decision until the Supreme Court decided *[Obergefell v. Hodges](Obergefell v. Hodges)*, 135 S. Ct. 2584 (2015). On June 26, 2015, the Supreme Court decided the *Obergefell* case and determined that denying same-sex couples marriage

licenses and refusing to recognize marriages entered into by same-sex couples violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Id.* On that same day, the defendants filed a suggestion of mootness with the Eighth Circuit, and filed multiple documents stating that it would comply with the requirements of *Obergefell.* Defendants argue the Eighth Circuit has not yet ruled on that suggestion. Defendants further contend that there is now no case or controversy to decide, and further contends that the Eleventh Amendment forbids plaintiffs from obtaining a declaratory judgment establishing the State's past liability. Plaintiffs argue defendants' motion for mootness is irrelevant, as no injunction has been entered yet permanently enjoining enforcement of the Nebraska law in question.

**STANDARD OF REVIEW**

On a motion for summary judgment, the question before the Court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). The burden of establishing the nonexistence of any genuine issue of material fact is on the moving

party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323).

If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). On a motion for summary judgment, the "'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Id.* (quoting *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009)). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Id.* The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

The plain language of Rule 56(e) allows the court, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), to (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary

judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

**LAW**

The issuance of a preliminary injunction depends upon a "flexible" consideration of the probability that the moving party will succeed on the merits of the claim, the threat of irreparable harm to the moving party, balancing that harm with any injury an injunction would inflict on other interested parties; and the effect on the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Evaluating the likelihood of success on the merits calls for a predictive judgment about how a court is likely to rule. *See, e.g., Minnesota Citizens Concerned for Life v. Swanson,* 692 F.3d 864, 870 (8th Cir. 2012). Where a preliminary injunction is sought to enjoin the implementation of a duly enacted state statute, district courts must make a threshold finding that a party is likely to prevail on the merits. *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds,* 530 F.3d 724, 732-33 (8th Cir. 2008) (en banc). In such cases, it is only after finding that a party is likely to prevail on the merits that a district court should weigh the other *Dataphase* factors. *Id.* at 732.

"'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). A plaintiff must demonstrate "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). The question of irreparable injury is

5

sometimes tied to the merits of a constitutional claim. *See, e.g. Kroupa v. Nielsen*, 731 F.3d 813, 820 (8th Cir. 2013) (noting in a deprivation of procedural due process case that damage to one's reputation is a harm that cannot be remedied by a later award of money damages, the threat of reputational harm may form the basis for preliminary injunctive relief). If a party can establish a sufficient likelihood of success on the merits of a constitutional claim, "the party will also have established irreparable harm as the result of the deprivation." *Waters v. Ricketts,* 48 F.Supp.3rd. 1271, 1278 (D. Neb. 2015); *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (holding that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

A showing of irreparable harm does not automatically mandate a ruling in the plaintiff's favor; the court must proceed to balance the harm to the defendant in granting the injunction. *Hill v. Xyquad, Inc.*, 939 F.2d 627, 630-31 (8th Cir. 1991). The state has an interest in ensuring its legitimate laws are followed. *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351 (1977) (staying injunction). However, the protection of constitutionally protected rights necessarily serves the public interest. *Phelps–Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008) ("[I]t is always in the public interest to protect constitutional rights."), overruled on other grounds by *Phelps–Roper v. City of Manchester*, Mo., 697 F.3d 678 (8th Cir. 2012). In *Windsor*, the Supreme Court identified several harms flowing from Defense of Marriage Act's same-sex marriage ban: it "humiliates of tens of thousands of children now being raised by same-sex couples," it also brings "financial harm to children of same-sex couples [by raising] the cost of health care for families by taxing health benefits provided by employers to

their workers' same-sex spouses," and it "denies or reduces benefits allowed to families upon the loss of a spouse and parent, benefits that are an integral part of family security." *United States v. Windsor*, 133 S. Ct. 2675, 2694-96 (2013); *see also Latta v. Otter*, 771 F.3d 456, 476 (9th Cir. 2014) (finding "Idaho and Nevada's marriage laws, by preventing same-sex couples from marrying and refusing to recognize same-sex marriages celebrated elsewhere, impose profound legal, financial, social and psychic harms on numerous citizens of those states.").

**DISCUSSION**

The argument set forth by the defendants that the Eighth Circuit has retained jurisdiction is without merit. The Eighth Circuit stated:

> The Court also did not consider state benefits incident to marriage, which were addressed by Plaintiffs and the district court here. Nebraska has not repealed or amended the challenged constitutional provision.
>
> Nebraska's assurances of compliance with *Obergefell* do not moot the case. See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). These assurances may, however, impact the necessity of continued injunctive relief. The district court should consider Nebraska's assurances and actions and the scope of any injunction, based on *Obergefell* and Federal Rule of Civil Procedure 65(d). Until then, if Nebraska is unclear on its obligations under the preliminary injunction, it may clarify them with the district court. See *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012) (preliminary injunctions are reviewed for abuse of discretion, reversing when they are based on "clearly erroneous factual findings or erroneous legal conclusions"). See also *Baskin v. Bogan,* 766 F.3d 648, 672 (7th Cir. 2014) (finding injunction with language identical to the injunction here is not vague).
>
> The preliminary injunction is affirmed and the case remanded for entry of final judgment on the merits in favor of the plaintiffs. All pending motions are denied.

7

*Waters v. Ricketts*, No. 15-1452 (8th Cir. August 11, 2015), at 4-5 (Filing No. 78). The Eighth Circuit then remanded the case to this Court for proceedings consistent with its opinion. Filing No. 79 and Filing No. 80. The mandate issued on September 24, 2015. Filing No. 84. Clearly, the case is remanded to this Court for further determination. Any other interpretation is dilatory at best.

Next, the Court finds the claims are not moot. The State lists a number of changes that have occurred as a result of the *Obergefell* decision. *See* Filing No. 73, pp. 14-21. The State argues that *Obergefell* specifically addressed all issues affecting this case, and further contends that all plaintiffs have received the relief they requested. The State relies on the following cases to support its arguments: *Longley v. Holahan*, 34 F.3d 1366, 1367 (8th Cir. 1994) (claim moot where challenged statute was declared unconstitutional in companion case); *Thayer v. Chiczewski*, 705 F.3d 237, 256–57 (7th Cir. 2012) (claim for declaratory and injunctive relief moot in light of Seventh Circuit's invalidation of challenged law in another case); *Eagle Books, Inc. v. Difanis*, 873 F.2d 1040, 1042 (7th Cir. 1989) (claim moot where state supreme court had declared challenged statute unconstitutional).

However, the Court notes that these cases are dissimilar. Unlike the cases cited herein by the defendants, no Court has yet declared Section 29 unconstitutional. As plaintiffs argue, defendants have not shown that it is "absolutely clear that [plaintiffs] no longer ha[ve] any need of the judicial protection that [they] sought." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000). It has not been repealed and is still published as part of the Nebraska Constitution. *See* Neb. Const. art. I, § 29. The

Supreme Court has stated that "[i]t is no small matter to deprive a litigant of the rewards of its efforts." *Adarand Constructors, Inc.*, 528 U.S. at 224. The *Obergefell* case struck down the marriage exclusions in Michigan, Kentucky, Ohio, and Tennessee. While precedent does in fact dictate the result in the case before this Court, Section 29 has not specifically been declared unconstitutional. The Court agrees with the plaintiffs. The decision by the United States Supreme Court in *Obergefell* does not provide the certainty plaintiffs requested from this Court. Accordingly, any argument that this issue is moot is unfounded and without merit.

Further, as an example of continuing issues, the plaintiffs contend that recently the Department of Health and Human Services has refused to issue birth certificates[1] to same-sex couples, and are instead listing the woman who has the baby as the only parent.[2] The Court agrees with the plaintiffs. Defendants' position regarding birth certificates does give plaintiffs cause to be concerned about other protections available

---

[1] This Court previously determined that plaintiffs can make this claim. *See* Filing No. 90. The Court stated: "The court finds the plaintiffs' complaint broadly alleges denial of rights, responsibilities, and incidents of marriage and can be construed as encompassing the birth-certificate issue presented in the supplementary materials. Moreover, if the issue had not been presented, the plaintiffs would be granted leave to amend their complaint to include it." *Id.* at 3.

[2] Plaintiffs request that this Court likewise issue an injunction making it clear that these birth certificates must be provided to married same-sex couples, just as it would to married heterosexual couples. Nebraska law provides that if a mother was married at the time of conception or birth, "the name of the husband shall be entered on the [birth] certificate as the father of the child" absent a court order or affidavit from the mother to the contrary. Neb. Rev. Stat. § 71-640.01. The Court does not have sufficient evidence before it to make such a ruling at this time. The Court will likely need to conduct an evidentiary hearing or mini-trial and would likewise need to review the constitutionality of additional Nebraska statutes. However, with the explicit ruling that Section 29 in question is illegal, hopefully this will solve the problem. If, however, plaintiff continues to have similar issues, the parties are free to file a further motion or appropriate document in this case. The Court will retain jurisdiction for the purposes of enforcing this injunction. *Obergefell* clearly held that marriage prohibitions and related issues "are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples." *Obergefell,* 135 S.Ct. at 2605.

to same-sex couples related to the right to marry, and those benefits and related rights that support marriage and family.

Finally, the State contends that plaintiffs' requested declaration that Section 29 be declared unconstitutional on "past liability" is barred by sovereign immunity. The State relies on a case wherein this Court stated:

> Furthermore, the doctrine of Ex Parte Young, 209 U.S. 123 (1908), holds that the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials in their official capacity. However, while a suit to enjoin state officials in their official capacity may proceed if the complaint alleges an ongoing violation of federal law, and seeks relief properly characterized as prospective, a declaratory judgment establishing **past liability** of the State is nevertheless forbidden by the Eleventh Amendment. Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002).

Widtfeldt v. Holt Cnty. Bd. of Equalization, No. 8:05CV8, 2006 WL 2265522 at *4 (D. Neb. 2006) aff'd, 273 F. App'x 573 (8th Cir. 2008). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc., 528 U.S. 167, 190 (2000); see also Adarand Constructors, Inc. v. Slater, 528 U.S. at 222 (this "heavy burden" is on the party asserting mootness); Strutton v. Meade, 668 F.3d 549, 556 (8th Cir. 2012).

Plaintiffs disagree arguing that they are seeking prospective relief only. They simply want their claims for declaratory and injunctive relief permanently enjoined. The Court agrees with the plaintiff. The plaintiffs are not asking for a decision on past

10

liability. They are indeed asking for a permanent injunction to ensure their current and future rights are protected.

Applying all of these arguments to the *Dataphase* factors, the Court concludes as follows. First, with regard to a decision on the merits, the Court previously found that it was likely plaintiffs would prevail. Since that time, the Supreme Court of the United States decided *Obergefell*. The Eighth Circuit now agrees also. *See* Filing Nos. 78, 79, 80, 82 and 84. Clearly, there is no argument now that plaintiffs have won on the merits.

Second, the plaintiffs clearly have suffered irreparable harm from the passage of Section 29. Again, the plaintiffs are pointing to birth right and certificate issues involved in same-sex marriages as proof of this continued harm. Thus, they continue to experience harm. The Court finds plaintiffs are at risk of more and additional deprivations until Section 29 is declared unconstitutional and its enforcement enjoined.

Third, there is no dispute that the plaintiffs have shown and experienced concrete and particularized injury. It appears based on the affidavits and argument submitted by the plaintiffs to date, that such injury is continuing. Filing No. 87, Attachments 1-8.

Finally, the State has not demonstrated that it will be harmed by a declaration that Section 29 is unconstitutional and a permanent grant of this injunction.

With regard to the issue of birth certificates, the Court finds it has jurisdiction over this issue as previously stated. However, the Court is of the opinion that the State, following the entry of this final injunction, will address that issue. If that issue is not addressed to the plaintiffs' satisfaction, the Court will retain jurisdiction[3] over any claims

---

[3] *See Picon v. Morris*, 933 F.2d 660, 662 (8th Cir.1991) ("[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it."); *United States v. Cargill, Inc.*, 2011 WL 2306010 *1 (8th Cir. 2011) ("[A] district court retains the inherent authority to modify or enforce a consent decree.");

that arise out of this lawsuit and the permanent injunction, the *Obergefell* case, and the right to marry the person of your choosing and rights incident to the right to marry as they relate to this lawsuit. As ordered below, all relevant state officials are ordered to treat same-sex couples the same as different-sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiffs' motion for summary judgment, Filing No. 68, is granted as set forth herein;

2. Defendants' motion for summary judgment, Filing No. 72, is denied;

3. Plaintiffs' motion for leave to file supplement to motion for summary judgment, Filing No. 87, is granted;

4. The Court declares Article I, § 29 of the Nebraska Constitution unconstitutional in light of *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). A permanent injunction is hereby entered prohibiting the enforcement of Section 29 of the Nebraska Constitution. A separate order is filed in conjunction with this memorandum and order;

---

*Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe*, 589 F.3d 835, 847 (6th Cir. 2009) (same); *Peacock v. Thomas*, 516 U.S. 349, 356–57 (1996) (describing "a federal court's inherent power to enforce its judgments"); *McCall–Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir.1985) (the district court's enjoining of the state-court litigation, therefore, is a proper means of enforcing its previously entered permanent injunction.); *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995) ("District courts do, and must, have the authority to punish contemptuous violations of their orders.").

5. Effective immediately, IT IS ORDERED that all relevant state officials shall treat same-sex couples the same as different-sex couples in the context of processing a marriage license or determining the rights, protections, obligations or benefits of marriage;

6. The Court will retain jurisdiction over the enforcement of the permanent injunction and issues related to this lawsuit for a period of at least three years. If a further extension is merited, the parties may file a motion with the Court.

Dated this 4th day of February, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge