IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN WATERS, SALLY WATERS, NICKOLAS KRAMER, JASON CADEK, CRYSTAL VON KAMPEN, CARLA MORRIS-VON KAMPEN, GREGORY TUBACH, WILLIAM ROBY, JESSICA KALLSTROM-SCHRECKENGOST, KATHLEEN KALLSTROM-SCHRECKENGOST, MARJORIE PLUMB, TRACY WEITZ, RANDALL CLARK, AND THOMAS MADDOX, <br><br> Plaintiffs, <br><br> vs. <br><br> PETE RICKETTS, in his official capacity as Governor of Nebraska; DOUG PETERSON, in his official capacity as Attorney General of Nebraska; DAN NOLTE, in his official capacity as the Lancaster County Clerk; COURTNEY PHILLIPS, in her official capacity as CEO of the Nebraska Department of Health and Human Services; and TONY FULTON, in his official capacity as Tax Commissioner of the Nebraska Department of Revenue; <br><br> Defendants. | 8:14CV356 <br><br> ORDER |

This matter is before the court on the status report of the parties, Filing No. 104. The court is advised that the parties have resolved all pending matters, including the payment of attorney fees and costs. *Id.* This court earlier declared Article I, § 29 of the Nebraska Constitution unconstitutional in light of *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) and granted the plaintiffs a permanent injunction. Filing No. 96, Memorandum and Order at 12-13; Filing No. 97, Permanent Injunction. With respect to the then-remaining issue of birth certificates, the court stated that it was of the opinion that the State, following the entry of the final injunction, would address the issue and "[i]f that

issue is not addressed to the plaintiffs' satisfaction, the Court will retain jurisdiction over any claims that arise out of this lawsuit and the permanent injunction, the *Obergefell* case, and the right to marry the person of your choosing and rights incident to the right to marry as they relate to this lawsuit." [Filing No. 96](Filing No. 96), Memorandum and order at 11-12. It appears the issue has been resolved to the plaintiffs' satisfaction.

Having been advised that all pending matters, including attorney fees and costs, have been resolved the court finds, for docket control purposes, this action can be closed. Of course, the court automatically retains jurisdiction to enforce its injunction, should any future problems arise. *See id.* at 11 n.3. Accordingly,

IT IS ORDERED:

1. The Clerk of Court is directed to close this case.

Dated this 14th day of June, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge